ROBERT S. BROWN, State Bar No. 187845
**ROBERT STANFORD BROWN, APC**
714 W. Olympic Boulevard, Suite 450
Los Angeles, California 90015
Telephone: (213) 745-6300
Facsimile: (213) 261-3906
rstanfordbrown@gmail.com

Attorney for Plaintiff VICTORIA HARE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA HARE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES OF LOS ANGELES, a public entity, LAPD OFFICER AHN (#40237), LAPD OFFICER ALBIZURES (#42646), LAPD SGT. STERLING and DOES 1 through 10, Inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of 4th Amendment—False Arrest (42 U.S.C. §1983);<br>2. Failure to Intervene in Unlawful Arrest (42 U.S.C. §1983)<br>3. Supervisory Liability (42 U.S.C. §1983)<br>4. Municipal Liability (42 U.S.C. §1983-Unconstitutional Custom or Policy<br>5. Municipal Liability (42 U.S.C. §1983-Failure to Train<br>6. Bane Act<br>7. False Imprisonment/False Arrest<br>8. Intentional Infliction of Emotional Distress<br><br>**(DEMAND FOR JURY TRIAL)** |

# I.
# COMPLAINT

Plaintiff Victoria Hare ("Plaintiff") brings this lawsuit pursuant to 42 U.S.C. §1983 to vindicate her rights to be free from unreasonable and unlawful seizures (i.e., false arrest) by Los Angeles Police Department (LAPD) officers and/or supervisors acting under color of law.

## INTRODUCTION

1. The Fourth and Fourteenth Amendments to the United States Constitution protects the rights of arrestees against unlawful seizures.

2. In this case, Los Angeles Police Department (LAPD) officers tasked with preserving those rights instead used an unconstitutional arrest and fabricated arrest charges against Plaintiff.

3. In short, this case is about vindicating Plaintiff's constitutional rights.

## VENUE AND JURISDICTION

4. This action is brought under 42 U.S.C. §§1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(a)(1), (2), (3) and (4). State claims are brought under pendant jurisdiction.

5. Venue is proper in the Central District of California. The facts and circumstances underlying all claims, as well as the injuries, took place within the geographic jurisdiction of this Court.

6. On July 15, 2019, Plaintiff filed a Claim for Damages with the City. Plaintiff has never received any written notice of its rejection. Consequently, under California Government Code § 945(a)(2), Plaintiff has 2 years from the date the cause of action accrued to initiate her state law claims.

/ / /

/ / /

## II.

## PARTIES

7. At all relevant times, Plaintiff VICTORIA HARE ("Plaintiff") was a resident of Los Angeles County in California.

8. Plaintiff is informed, believes and alleges that, at all relevant times, THE CITY OF LOS ANGELES ("the CITY") is a governmental entity organized under the laws of the State of California. The CITY is responsible for and administers the CITY'S Police Department ("LAPD"), which, through LAPD Police Chief MICHAEL MOORE, promulgates policies and practices for the arrest of criminal suspects. At all times, the CITY possessed the power and authority to adopt policies and prescribe rules, regulations, policies and practices affecting all facets of the training, supervision, control, employment, assignment, discipline, and removal of individual members of the LAPD. The CITY was also charged with the responsibility to assure that these policies, practices, rules and regulations of the LAPD followed the laws and constitution of the United States and the State of California.

9. Defendant LAPD Officers AHN, ALBIZURES, LAPD Sgt. STERLING and Does 1 through 10 were, at all relevant times, officers, supervisors and employees of Defendant CITY OF LOS ANGELES and the LAPD. At all relevant times, they were acting under color of law within the course and scope of their respective duties as deputies or supervisors of the LAPD and with complete authority and ratification of Defendant CITY OF LOS ANGELES. The full names of the named individual Defendants are unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each individual Defendant is responsible for some part of the conduct of the illegal misconduct alleged.

10. Plaintiff is informed, believes and alleges that, Defendants sued as Does 1 through 10, inclusive, were and are officers, supervisors, agents or employees of

Defendant CITY OF LOS ANGELES and LAPD and were, at all relevant times, acting in the course and scope of their employment and agency. Plaintiff alleges that each Defendant named as a "DOE" was in some manner responsible for the acts and omissions alleged. At this time, Plaintiff is ignorant of the true names and capacities of the DOE Defendants, and upon discovery of the same, she will ask leave of this Court to amend this Complaint to alleges such facts, full names and responsibility when that information is ascertained.

11. Defendants and DOES 1 through 10 were, at all relevant times, CITY OF LOS ANGELES and LAPD officers, supervisors, and/or employees. They were charged by law and were responsible for fairly enforcing and upholding the law to protect and serve members of the community; the supervision of officers and other employees under their command in the LAPD; for the supervision, training, discipline and corrective action(s) of persons, deputies, supervisors, agents, or employees working under their chain of command within said CITY OF LOS ANGELES and LAPD; for creating or promulgating LAPD policies; and, for investigating, monitoring and reporting the misconduct of their subordinates and/or fellow officers.

12. Plaintiff is informed, believes and alleges, that at all relevant times, Defendants DOES 1 through 10, inclusive, are, and at all relevant times, were officers, supervisors, agents or employees of Defendant CITY OF LOS ANGELES and LAPD, and were acting within the course and scope of their employment and/or agency and under color of state law. Each of the Defendants and DOE Defendants caused and is responsible for the unlawful conduct in personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to act to prevent the unlawful conduct and by promulgating or failing to promulgate policies and procedures. These actions or omissions resulted in unlawful conduct through the failure—with deliberate indifference to Plaintiff's rights— to initiate and maintain adequate supervision, training, or compliance with

responsibilities and duties; failure to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by officers, supervisors, agents or employees under their direction and control.

13. Plaintiff is informed, believes and alleges, that at all relevant times, Defendants, and each of them, were the agents, servants, joint venturers, partners, or employees, of each other Defendant, and as such, were acting within the course and scope of their agency, employment or joint venture. The respective principals subsequently ratified all acts, conduct or omissions and accepted the benefits of those ratifications.

14. Plaintiff is informed, believes, and alleges, that each of the Defendants designated as a DOE is responsible, in some manner, for the events and happenings referred to, proximately causing the injuries and damages to Plaintiff as alleged.

15. At all times mentioned, Defendant DOES 1 through 10, were acting under color of the laws, statutes, ordinances, regulations, customs, and usages of the United States Constitution, State of California and CITY OF LOS ANGELES pursuant to their official authority and their policies, procedures, practices, and/or customs established by directives and/or other acts of the LAPD and Defendant CITY OF LOS ANGELES.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. On Thursday, January 17, 2019, Plaintiff was in her apartment unit working on a project. Plaintiff's apartment was located at 1000 East 7th Street in Los Angeles.

17. At around noon, Plaintiff walked across the street to the store to buy a soda. The store is located directly across the street from the apartment building.

18. While Plaintiff was in the store, Plaintiff saw the property manager for her apartment building, Steven Mathis entered the store. Plaintiff and Mr. Mathis had a contentious relationship. While Plaintiff was at the counter paying for the soda, Mr.

Mathis stated to her, "Say something, you old bitch." Plaintiff laughed and walked back across the street to her apartment unit.

19. Soon thereafter, there was a knock on Plaintiff's front door. When she opened it, she saw approximately 6 LAPD officers. Two unknown LAPD officers grabbed Plaintiff's arms, pulled her out of her apartment and placed handcuffs on her.

20. When Plaintiff asked why she was being arrested, she was told that she would be told at the station. One of the LAPD officers who pulled her out of her apartment said to one of the other officers, "Bring him here." Mr. Mathis appeared. The officer asked him, "Is this her" and Mathis nodded.

21. No LAPD officer ever read her the Miranda Rights. Each time she asked what the arrest charge was she was ignored. She repeatedly told the officers that they were making a mistake and should ask her questions first. Once again, they ignored her.

22. When Plaintiff told them that she had a service dog and that he didn't have enough food and water, the officers shut the door and placed her in the car. Mr. Mathis was standing at the front door laughing at her.

23. Subsequently, Plaintiff was taken to the LAPD Central Community Police Station. It was not until she arrived at the police station that she learned that she was being charged with violating Penal Code § 422—Terrorist Threats. Plaintiff is informed and believes that Sgt. Sterling knowingly approved Plaintiff's wrongful arrest.

24. Plaintiff was released from her wrongful incarceration on January 24, 2019—7 days later. During her time in custody, she never had a court appearance.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR DAMAGES

# IV.
# FIRST CLAIM FOR RELIEF
# VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983)—FALSE ARREST

**[As against Defendants Officer Ahn, Officer Albizures and DOES 1-10]**

25. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-24.

26. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

27. At all relevant times, Plaintiff possessed the right, guaranteed by the Fourth Amendment of the United States Constitution to be free from unreasonable and unlawful seizures by police officers or supervisors acting under color of law.  As described in Section III above, Defendants violated Plaintiff's' Fourth Amendment rights by unlawfully arresting her without probable cause and without an arrest warrant.  Specifically, 2 LAPD officers forcibly pulled her out of home and arrested her outside of her apartment, in the presence of Officer Albizures and DOES 1-10, other unknown LAPD officers.  Plaintiff is informed and believes that Officer Albizures may have been one of the LAPD officers that physically pulled her out of her apartment.  The other officer or supervisor who physically pulled Plaintiff out of her apartment was Caucasian.  However, Officer Ahn and Albizures are listed on Plaintiff's arrest documentation as the arresting officers.

28. Plaintiff is informed and believes that in support of Plaintiff's unlawful arrest, Defendants falsified and fabricated documents regarding her arrest and incarceration.

29. In doing so, these Defendants acted specifically with the intent to deprive Plaintiff of her constitutional rights under the Fourth Amendment to be free from unreasonable and unlawful seizures.

30. These Defendants subjected Plaintiff to the stated deprivations by actual malice, deliberate indifference or a reckless disregard of her rights under the United States Constitution.

31. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

32. Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them. The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

33. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## V.
## SECOND CLAIM FOR RELIEF
## FAILURE TO INTERVENE
### (As against DOES 1-10)

34. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-33.

35. Upon information and belief, DOES 1-10 observed Plaintiff's unlawful arrest. Plaintiff is informed and believes that DOES 1-10 knew that Plaintiff had not violated the law at the time of her unlawful arrest.

36. Plaintiff is informed and believes that DOES 1-10 allowed Plaintiff to be unlawfully arrested even though they knew that she had not violated any law.

37. As police officers, DOES 1-10 had the power, discretion and authority to intervene and report Plaintiff's unlawful arrest by other LAPD officers, including

Officer Ahn and Albizures and DOES 1-10. However, DOES 1-10 chose not intervene on Plaintiff's behalf.

38. Defendants had the affirmative duty to intervene to prevent an unlawful detention and arrest pursuant to *U.S. v. Koon,* 34 F. 3d 1416 (9th Cir. 1994).

39. Defendants acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for her liberty. Thus, Defendants have violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

40. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

41. The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages. Further, Plaintiff is entitled to, and does seek attorney's fees pursuant to 42 U.S.C. Section 1988.

## VI.
## THIRD CLAIM FOR RELIEF
## SUPERVISORY LIABILITY (42 U.S.C. § 1983)
### [As against Defendant Sgt. Sterling and DOES 1-10]

42. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-41.

43. At all relevant times, Defendants had the duty to train, instruct, supervise and discipline LAPD officers, to insure that they respected—and did not violate— federal constitutional and statutory rights of citizens and to objectively investigate violations of citizen's rights, including the right to be free from unlawful seizure (arrest).

44. Defendants breached these duties by participating in, condoning and ratifying Plaintiff's false arrest. Defendants directed, encouraged, and acquiesced in the unlawful seizure of Plaintiff in violation of the 4th and 14th Amendments.

45. Defendants acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for her liberty and her safety. Thus, Defendants have violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

46. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

47. Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them. The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

48. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## VII.
## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY-UNCONSTITUTIONAL CUSTOM OR POLICY
### (42 U.S.C. § 1983)
### (As Against Defendants City of Los Angeles and DOES 1-10)

49. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48.

50. On and before January 17, 2019, Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10 deprived Plaintiff of the rights and liberties secured to

her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy or practice or custom recognized by the CITY OF LOS ANGELES and the LOS ANGELES POLICE DEPARTMENT.

51. Individual Defendants and DOES 1-10 acted under color of law.

52. Individual Defendants and DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY OF LOS ANGELES.

53. On information or belief, individual Defendants and DOES 1-10 were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with the violation of Plaintiff's constitutional rights.

54. Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10 together with other CITY OF LOS ANGELES policymakers and supervisors maintained the following unconstitutional customs, practices, and policies:

   a. Unreasonably and wrongfully detaining or arresting citizens or allowing the same;

   b. Employing and retaining as officers and other personnel, including individual Defendants and DOES 1-10, who Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10, at all relevant times, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LAPD policies regarding the lawful arrest of citizens;

   c. Inadequately supervising, training, controlling, assigning and disciplining LAPD officers and other personnel, including individual Defendants and

DOES 1-10, who Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10 each knew, or in the exercise of reasonable care, should have known had dangerous propensities and character traits.

    d.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by individual Defendants and DOES 1-10.

    e.  Failing to adequately discipline individual Defendants and DOES 1-10, for the above-referenced categories of misconduct, including "slap on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

    f.  Encouraging, accommodating, or facilitating a "code of silence" in which officers do not report other officers' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the deputy questioned will claim ignorance of the other officer's wrongdoing;

    g.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of false arrest, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in falsely arresting members of the community;

    h.  Refusing to discipline, terminate or retrain the officers in making legal arrests, even where incidents of false arrests were determined to be unconstitutional;

    i.  Having and maintaining an unconstitutional custom and practice of making false arrests and covering up police misconduct.  These customs and practices by CITY OF LOS ANGELES and DOE SUPERVISORS 1-10 were condoned by Defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff.

55. By reason of the stated policies, customs and practices of Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

56. Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, Defendants condoned, tolerated and, through actions and omissions, ratified such policies. Defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and the constitutional rights of Plaintiff, and other individuals similarly situated.

57. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10, acted with intentional, reckless, and callous disregard for the well-being of Plaintiff and his constitutional rights. Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

58. Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10, were affirmatively linked to, and were significantly influential forces behind Plaintiff's injuries.

59. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

60. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

# VIII.
# FIFTH CLAIM FOR RELIEF
# MUNICIPAL LIABILITY-FAILURE TO TRAIN
## (42 U.S.C. § 1983)
### (As Against Defendant City of Los Angeles and DOES 1-10)

61. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 60.

62. DOES 1-10 acted under color of state law.

63. The acts of Defendants deprived Plaintiff of her rights under the United States Constitution.

64. On information and belief, Defendants failed to properly and adequately train individual Defendants and DOES 1-10, including but not limited to, with regard to the use of making legal arrests.

65. The training policies of Defendant CITY OF LOS ANGELES were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including making legal arrests.

66. Defendant CITY OF LOS ANGELES was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

67. The failure of Defendant CITY OF LOS ANGELES to provide adequate training caused the deprivation of Plaintiff's rights by individual Defendants and DOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

68. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a result of the actions or omissions

of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

69. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## IX.
## SIXTH CLAIM FOR RELIEF
## Violation of Bane Act – Cal. Civ. Code §52.1
**(As against All Defendants)**

70. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-69.

71. Defendants, while acting within the course and scope of their duties as LAPD officers or supervisors, interfered with the rights of Plaintiff to be free from unreasonable seizures by committing acts of coercion or intimidation.

72. THE CITY OF LOS ANGELES is vicariously liable for the wrongful acts of individual Defendants and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

73. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

74. The acts of Defendants Officer Ahn, Officer Albizures and DOES 1-10 were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.

75. Plaintiff is entitled to, and does seek attorney's fees.

# X.

## SEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (As Against All Defendants)

76. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-75.

77. Officer Ahn, Officer Albizures and DOES 1-10, acting intentionally, and with conscious disregard for Plaintiff's civil and constitutional rights, unlawfully arrested her without a warrant, probable cause or lawful purpose, causing her to be placed unlawfully under the control and custody of Defendants. Thus, Defendants caused her to be confined and incarcerated without lawful process or legal justification.

78. THE CITY OF LOS ANGELES is vicariously liable for the wrongful acts of Officer Ahn, Officer Albizures and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

79. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights. As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

80. The acts of Defendants Officer Ahn, Officer Albizures and DOES 1-10 were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.

/ / /

/ / /

/ / /

/ / /

## XI.

## EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (As against All Defendants)

81. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-80.

82. The acts described in Section III of Defendants were outrageous, intentional, unlawful, malicious, and committed for the express purpose of causing Plaintiff to suffer mental anguish, emotional distress and represented conduct which goes beyond all possible bounds of decency.

98. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

99. The acts of Defendants Officer Ahn, Officer Albizures and DOES 1-10 were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against all Defendants, including DOES 1 through 10, inclusive, as follows:

1. For an award of general and special damages according to proof;

2. For punitive damages against the individual defendants in their individual capacities according to proof as to only the first, second, and third, six, seventh and eighth claims;

3. For attorney's fees according to proof as to only the first, second, third, fourth, fifth and sixth claims;

4. For costs of suit incurred; and

5. For such other and further relief as the Court deems just and proper.

Dated:  January 13, 2021                    ROBERT STANFORD BROWN, APC


By:      /S/ Robert S. Brown
_____
Robert S. Brown, Esq.
Attorney for VICTORIA HARE

## **DEMAND FOR JURY TRIAL**

Plaintiff VICTORIA HARE requests that this action be determined by trial by jury.

Dated: January 13, 2021          ROBERT STANFORD BROWN, APC

By:     /S/ Robert S. Brown
_____
Robert S. Brown, Esq.
Attorney for VICTORIA HARE